IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                              CRIMINAL NO. 1:21CR81-LG-RHWR-1
                                CIVIL NO. 1:22CV294-LG

MARGARITO RUIZ-AGUILLON

MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

**BEFORE THE COURT** is the [38] Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Defendant Margarito Ruiz-Aguillon.  Defendant's former attorney, R. Hayes Johnson, Jr., and the Government have filed responses to the Motion.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendant's § 2255 Motion should be denied.

## BACKGROUND

On July 16, 2021, Defendant was charged in the above-styled cause with unlawful reentry of a removed alien in violation of 8 U.S.C. § 1326(a).  (Compl. at 1, ECF No. 1).[1]  Since Defendant had not yet completed his term of supervised release in Cause Number 1:19cr1035-001 in the United States District Court for the Southern District of Texas at the time of his unlawful reentry, the United States Probation Office asked the Court to revoke his term of supervised release.

---

[1] Unless otherwise stated, all citations in this opinion are to Cause No. 1:21cr81-LG-RHWR-1.

Jurisdiction over Defendant's supervised release was transferred to this Court and assigned cause number 1:21cr97-LG-RPM-001.

Defendant pled guilty in the above-styled cause, and he was sentenced to 60 months of imprisonment and 3 years of supervised release on March 11, 2022. (J., ECF No. 37). On that same day, in cause number 1:21cr97-LG-RPM-001, Defendant confessed the allegations in the petition for revocation, and the Court found that he had violated the terms and conditions of his supervised release. He was committed to the custody of the Bureau of Prisons for 24 months to run consecutive to the sentence in the above-styled cause with no term of supervised release to follow. On October 27, 2022, Defendant filed the present § 2255 Motion.

## DISCUSSION

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "Relief under . . . § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

## I.  THE EFFECT OF WAIVERS INCLUDED IN THE PLEA AGREEMENT

When Defendant pled guilty, he waived "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever, including but not limited to a motion brought under . . . Section 2255." (Plea Agreement at 5, ECF No. 30). Defendant only retained the right to pursue a claim of ineffective assistance of counsel.  (*Id.* at 6).   "[A]n informed and voluntary waiver of post-conviction relief is effective to bar such relief."  *United States v. Del Toro-Alejandre*, 489 F.3d 721, 722 (5th Cir. 2007).  Therefore, all of Defendant's arguments raised in his § 2255 petition have been waived, except for his arguments of ineffective assistance of counsel.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on an ineffective assistance of counsel claim, a defendant must show (1) deficient performance, in that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance was prejudicial.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020).  Failure to establish either prong of this test defeats the claim.  *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

To establish deficient performance, a defendant must overcome the strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment.  *Strickland*, 466 U.S. at 690; *United States v. Rivas-Lopez*,

678 F.3d 353, 357 (5th Cir. 2012). Counsel's performance is to be accorded "a heavy measure of deference." *Id.* at 357 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 197 (2011)).

To demonstrate prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The Supreme Court has defined reasonable probability as "probability sufficient to undermine confidence in the outcome." *Cullen*, 563 U.S. at 170 (quoting *Strickland*, 466 U.S. at 694). It has also explained that "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

Defendant first argues that his former attorney, Mr. Johnson, provided ineffective assistance by failing to object to the use of his prior convictions to enhance his sentence. He argues that his prior convictions did not qualify him for sentencing under 8 U.S.C. § 1326(b)(1), which provides:

> [I]n the case of any alien . . . whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both . . . .

Defendant's extensive criminal history, which is described in detail in the [35] Presentence Investigation Report, certainly warranted sentencing under this statute, and Defendant has not provided any argument or authority that would tend to show otherwise. An attorney does not provide ineffective assistance when he

declines "to raise a meritless argument." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

Next, Defendant argues that Mr. Johnson should have objected to the Court's decision to impose consecutive sentences in cause numbers 1:21cr81-LG-RHWR and 1:21cr97-LG-RPM-001. The Court's decision to impose a consecutive sentence was proper pursuant to the Sentencing Guidelines, which provide:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. 7B1.3(f). Once again, Mr. Johnson was not ineffective for failing to raise a futile objection. *See Kimler*, 167 F.3d at 893.

Defendant also claims that there was a conflict between himself and his attorney because Mr. Johnson "misadvised him" of the effects of the sentence and guideline range he faced. (Decl. at 1, ECF No. 38-1). However, Defendant testified under oath during the change of plea hearing that he had been informed that the Court could impose a different sentence from that predicted by Mr. Johnson and that he was satisfied with Mr. Johnson's representation. (Digital Audio File, ECF No. 33). In addition, Mr. Johnson has testified by affidavit that:

> the entire attorney-client relationship through sentencing was cooperative, friendly, and filled with communication. [Defendant] never stated once that he was displeased with any aspect of legal representation, despite being given express opportunities to do so by counsel and this Court.

(Aff. at 5, ECF No. 41).  Defendant's "[s]olemn declarations in open court carry a strong presumption of verity."  *See United States v. Patterson*, 739 F.2d 191, 195 (5th Cir. 1984) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)).  "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal."  *Blackledge*, 431 U.S. at 74.  Defendant's new, unsupported arguments of deficient representation are not well taken.

## CONCLUSION

For the foregoing reasons, Defendant's § 2255 Motion is denied.  The Court has determined that a hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Defendant] is entitled to no relief."  *See* 28 U.S.C. § 2255(b).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [38] Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Defendant Margarito Ruiz-Aguillon is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 16th day of February, 2023.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE